**IN THE SUPERIOR COURT OF GUAM**  2014 MAY -6  PM 4: 55

CLERK OF COURT

| | |
|---|---|
| BUSKER ALLEY, INC. and JAE JI, | ) |
| Plaintiffs, | ) |
| vs. | ) |
| LAWRENCE KASPERBAUER and DOES 1-50, | ) |
| Defendants. | ) |
| LAWRENCE KASPERBAUER, | ) |
| Counter-claimant, | ) |
| vs. | ) |
| BUSKER ALLEY, INC., JAE JI, VANESSA JI, THE LAW OFFICE OF VANESSA JI, P.C. and DOE ONE through DOE TEN, | ) |
| Counter-claim Defendants. | ) |

**CIVIL CASE NO. CV1081-12**

**DECISION AND ORDER**

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant/Counter-Claimant Lawrence Kasperbauer's submission of three affidavits as evidence to substantiate his claim for damages pursuant to the Citizen Participation in Government Act ("CPGA"), filed December 6, 2013. On March 12, 2014, the Court issued an order finding that the resolution of the issue of damages pursuant to CPGA was premature and not yet ripe for consideration when there was a pending trial on the remaining claims. On March 24, 2014, the parties agreed to settle the remaining claims in this matter and the trial was vacated. The issue of damages pursuant to the CPGA is now ripe for consideration by this Court. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

///

## BACKGROUND

In this land development dispute, Plaintiffs are the tenants of beach property adjacent to Defendant's condominium residence. Plaintiffs sought to develop the beach property into a bar. Defendant opposed this development as a resident and president of the condominium homeowner's association.

On October 1, 2012, Plaintiffs filed a first amended complaint to allege that Defendant committed numerous tortious acts regarding the beach development project. (First Am. Compl., Oct. 1, 2012.) The general allegations against Defendant can be summarized as follows: 1) Defendant repeatedly stated his belief in various illegal or immoral aspects of the beach development project to neighbors, government agencies, government officials, the Legislature, members of the press, landlords, landowners and business partners of the project; 2) Defendant repeatedly trespassed and interfered with the beach property when he blocked access to the property, dumped trash and debris on the property, took photographs on the property, tampered with utility meters on the property, and called local authorities to the property; 3) Defendant filed suit to enjoin the beach development project; 4) Defendant organized his neighbors against the beach development project; and 5) Defendant publicly mocked, ridiculed and disparaged Plaintiff Jae Ji and further stalked and harassed him at his place of business. *Id.* at 3-10.

On the basis of these general allegations, Plaintiffs assert the following causes of action: 1) civil conspiracy; 2) nuisance; 3) trespass; 4) interference with public access to the ocean shore; 5) trade libel relating to the Marianas Variety Statements; 6) trade libel relating to the KUAM Statements; 7) slander relating to statements made to Plaintiffs' landlord; 8) slander relating to statements made to the owners of Plaintiffs' property; 9) intentional interference with contract; 10) negligent interference with contract; 11) interference with prospective economic advantage; 12) harassment; 14) intentional infliction of emotional distress[1]; and 15) negligent infliction of emotional distress. *Id.* at 10-25.

On October 2, 2012, Defendant moved to dismiss the first amended complaint on the

---

[1] Plaintiffs failed to state a thirteenth cause of action in the First Amended Complaint. (First Am. Compl., Oct. 1, 2012.)

grounds that his actions are immune from liability under the Citizen's Participation in Government Act (hereinafter "CPGA"). Defendant further asserts that any remaining claims are without merit. Plaintiffs argue that Defendant's actions were not genuinely aimed at procuring favorable government action.

On September 27, 2013, the Court issued a Decision & Order dismissing Plaintiffs' first, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh (1, 5-11) claims for relief and finding that Defendant is entitled to substantive relief mandated by the CPGA. (Dec. & Order, 9, Sept. 27, 2013).

On November 22, 2013, the Court ordered Defendant to provide evidence to substantiate any claim for damages pursuant to the CPGA. On December 6, 2013, Defendant submitted affidavits from (1) Defendant; (2) Carmen A. Kasperbauer, Defendant's wife; and (3) James M. Maher, Defendant's attorney, in support of his claim for damages.

On December 13, 2013, Plaintiffs filed an objection and response to Defendant's evidence of damages. Plaintiffs argue that: (1) damages under section 17106 (g) are limited to attorney's fees and costs incurred by Defendant only; (2) the purported amount of attorney's fees and costs submitted by Defendant are inappropriate and unreasonable; (3) Defendant has not incurred any attorney's fees or costs in connection with the motion to dismiss when the Agana Beach Condominium Homeowner's Account is paying all expenses related to his litigation; (4) sanctions are not warranted; and (5) the issue of damages is not ripe for consideration. (Objection & Response to Evidence of Damages, 2-11, Dec. 13, 2013).

On December 20, 2013, Defendant filed a reply to Plaintiffs' objection. Defendant argues that (1) there is no requirement in section 17106 of the CPGA that requires that pending claims or motions must be resolved as a condition precedent to relief under section 17106; (2) sanctions are mandatory under Guam's anti-SLAPP statute; (3) Defendant's requested attorney's fees and costs is reasonable; and (4) compensatory damage award to Defendant necessarily entails the impact on Defendant's wife. (Reply, 2-11, Dec. 20, 2013).

On March 12, 2014, the Court issued an order finding that the resolution of the issue of damages pursuant to CPGA was premature and not yet ripe for consideration when there was a

pending trial on the remaining claims.

On March 24, 2014, the parties agreed to settle the remaining claims in this matter and the trial was vacated.

## DISCUSSION

Under Guam law, a motion to dispose of a claim on the grounds of immunity under the CPGA is governed by Title 7 GCA § 17106. On a plain reading of the CPGA, section 17106 (g)(1) expressly states that the court shall "award a moving party who is dismissed…costs of litigation, including reasonable attorney and expert witness fees, incurred in connection with the motion." 7 GCA § 17106(g)(1). Section 17106(g)(2) further states that a court may impose "such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated." 7 GCA § 17106(g)(2). In addition to attorney's fees and sanctions, section 17106(h) allows a person who has been damaged or injured as a result of a violation of their immunity from liability in furtherance of the Constitutional right to petition under section 17104 to "seek relief in the form of a claim of actual or compensatory damages, as well as punitive damages, attorney's fees and costs, from the person or persons responsible." 7 GCA § 17106(h).

As recognized by the Supreme Court of Guam, the state of the law in our jurisdiction relative to the CPGA has not been extensively developed. *Enriquez v. Smith*, 2012 Guam 15 ¶ 14. Furthermore, the relevant Guam statute and precedent do not provide a clear answer as to the amount of attorney's fees, costs, and sanctions awarded to a Defendant prevailing on a motion for summary judgment under the CPGA. Taking into account the similarity between Guam's CPGA and California's anti-SLAPP (strategic lawsuit against public participation) statute, as well as the lack of precedential authority in the jurisdiction, the Court is persuaded that the holdings of the California courts with respect to their citizen practice statute provide guidance in this case.[2] *See People v. Quenga*, 1997 Guam 6 ¶ 8.

---

[2] The Supreme Court of Guam considered the holdings of California and Illinois courts regarding their citizen participation statutes, stating they are similar to Guam's CPGA. *See Enriquez*, 2012 Guam 15 ¶¶ 14-16. California's case law history on this issue is far broader than that of Illinois, which is more nascent and does not extend much beyond *Sandholm v. Kuecker*, 962 N.E.2d 418 (Ill.2012), which is not instructive here.

## 1. Trial Court's Discretion to Award Attorney's Fees

The determination of an award of attorney's fees of a prevailing party on an anti-SLAPP motion lies within the broad discretion of a trial court. *See Lin v. City of Pleasanton*, 96 Cal.Rptr.3d 730 (Ct.App.2009); *Christian Research Institute v. Alnor,* 81 Cal.Rptr.3d 866 (Ct.App.2008); *Russell v. Foglio*, 73 Cal.Rptr.3d 87 (Ct.App.2008).

Following a successful special motion to strike under the anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, the trial court must award moving parties "reasonable attorney fees … that adequately compensate them for the expense of responding to a baseless lawsuit." *Jackson v. Yarbray*, 101 Cal.Rptr.3d 303, 317 (Ct.App.2009). Although the award of attorney fees is mandatory under the anti-SLAPP statute, the amount of the fee is discretionary. *Kearney v. Foley and Lardner*, 553 F.Supp.2d 1178, 1184 (S.D.Cal.2008). Therefore, the Court has the discretion to award the Defendant attorney's fees and costs as the Court deems reasonable and appropriate.

## 2. Recoverable Attorney's Fees

As the moving party, a defendant seeking fees and costs bears "the burden of establishing entitlement to an award and of documenting the appropriate hours expended and hourly rates." *Christian Research Institute*, 81 Cal.Rptr.3d 866 at 870 (*quoting ComputerXpress, Inc. v. Jackson*, 113 Cal.Rptr.2d 625, 649 (Ct.App.2001)). A trial court must have "substantial evidence" to support an award of attorney fees under California's anti-SLAPP statute. *Kearney v. Foley and Lardner*, 553 F.Supp.2d 1178, 1185 (S.D.Cal.2008) (*citing Macias v. Hartwell*, 64 Cal.Rptr.2d 222, 226 (Ct.App.1997); *Church of Scientology of California v. Wollersheim*, 49 Cal.Rptr.2d 620, 638-39 (Ct.App.1996)); *see also ComputerXpress*, 113 Cal.Rptr.2d at 649 ("the court may require defendants to produce records sufficient to provide a proper basis for determining how much time was spent on particular claims.").

In this case, Defendant's attorney submitted copies of invoices in this matter from September 26, 2012 through December 20, 2013 with a description of the work performed by Defendant's attorney. (Decl. James M. Maher, Exhibit 1, Dec. 20, 2013). However, Plaintiffs

argue that Defendant's attorney's fees request includes matters not related to the CPGA. (Objection & Response to Evidence of Damages, 3-5, Dec. 13, 2013). Thus, Plaintiffs argue that the amount requested for attorney's fees is vague and unreasonable when Defendant's submissions do not include the time spent on non-CPGA related matters. *Id.* at 3-5. Defendant opposes this notion by arguing that the causes of actions in this case involve common issues of law and fact, and in such a case, Defendant is entitled to an award of all attorney's fees incurred in the matter and the fees need not be apportioned. (Reply, 5-7, Dec. 20, 2013).

The California courts have found that "[a]ll expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned." *Kearney*, 553 F.Supp.2d at 1184. However, "mere common issues of fact are insufficient to award all fees when legal theories do not overlap or are not inextricably intertwined." *Id.* Although Plaintiffs incorporate and re-plead the "Nature of the Action" and "General Allegations" in every cause of action, this only supports the proposition that there were common issues of fact. Furthermore, the Court previously found that the claims of nuisance, trespass, interference with public access to the ocean shore, harassment, and intentional and negligent infliction of emotional distress shall not be dismissed pursuant to the CPGA. (Dec. & Order, 4-5, Sept. 27, 2013). The legal theories of these non-CPGA claims are not inextricably intertwined with the CPGA claims and require a separate analysis on varying legal grounds. Because there are only common issues of fact with the CPGA and non-CPGA claims, the Court finds that Defendants should only recover all of the fees associated with their motion to dismiss the CPGA claims. *Id.*

Furthermore, the recoverable amount shall include the fees associated with the "Ex Parte Application of Plaintiffs for Temporary Restraining Order" because the CPGA claims in the verified complaint were part of the basis for Plaintiffs' application for a temporary restraining order. (Ex Parte App. TRO, 1, Sept. 21, 2012). Inclusion of the fees associated with the temporary restraining order is in spirit of the CPGA, insofar as it allows a defendant to recover attorney's fees for acts which are designed to free oneself from the oppressive yoke of a baseless lawsuit. However, this amount shall not include attorney's fees associated with

Defendant's counterclaim filed on December 21, 2012 because the prayed relief in the counterclaim overlaps with the CPGA relief sought in Defendant's motion to dismiss filed on October 2, 2012. (Answer & Counterclaim, 8, Dec. 21, 2012); (Defendant's Mot. Dismiss, 14, Oct. 2, 2012). Permitting Defendant to recover attorney's fees related to the counterclaim will result in double recovery for Defendant.

### 3. Amount of Fees and Costs

Defendant seeks attorney's fees in the amount of $25,280.00, based on 126.40 hours incurred in working on this matter at the rate of $200.00 per hour. (Decl. James M. Maher, 3, Dec. 20, 2013). Defendant also seeks costs in the amount of $671.00. (Aff. James M. Maher, 3, Dec. 6, 2013).

The court is not constrained by the amount sought by the successful moving party, but is obligated to award reasonable attorney fees that adequately compensate the party for the expense of responding to a baseless lawsuit. *Jackson v. Yarbray*, 101 Cal.Rptr.3d 303, 317 (Ct.App.2009). The anti-SLAPP statute "is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit." *Wilkerson v. Sullivan*, 121 Cal.Rptr.2d 275, 277 Ct.App.2002). As stated earlier, the trial court must award successful moving parties "reasonable attorney fees … that adequately compensate them for the expense of responding to a baseless lawsuit." *Jackson*, 101 Cal.Rptr.3d at 317. "'Padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Premier Medical Management Systems, Inc. v. California Ins. Guarantee Ass'n*, 77 Cal.Rptr.3d 695, 700 (Ct.App.2008). An award shall include "compensation for all hours reasonably spent, including those necessary to establish and defend the fee claim." *Ketchum v. Moses*, 104 Cal.Rptr.2d 377, 391 (Cal.2001).

The Court will calculate the amount of attorney fees award under the anti-SLAPP statute in accordance with the "lodestar" method. *Ketchum*, 104 Cal.Rptr.2d at 386-87. Under the "lodestar" method, a court calculates "the attorney fee touchstone, or lodestar, by multiplying the number of hours reasonably expended by the reasonable hourly rate prevailing in the community for similar work." *Cabral v. Martins*, 99 Cal.Rptr.3d 394, 411 (Ct.App.2009); *see*

*also Christian Research Institute*, 81 Cal.Rptr.3d at 870 (when computing an attorney award to a defendant prevailing on a special motion to strike under the anti-SLAPP statute, a trial court "begins with a touchstone or lodestar figure, based on careful compilation of the time spent and reasonable hourly compensation of each attorney involved in the presentation of the case."). The calculation of the lodestar may be adjusted by the court based on the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. *Ketchum*, 104 Cal.Rptr.2d at 384. *See Russell*, 73 Cal.Rptr. at 93 (in determining a reasonable award of attorney's fees for the prevailing party, courts have considered the following factors: the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved.); *Wilkerson v. Sullivan*, 121 Cal.Rptr.2d 275, 279 (Ct.App.2002) (courts consider whether the amount requested is based upon unnecessary or duplicative work).

In support of his claim for attorney's fees and costs, Defendant provides the affidavit and declaration of James M. Maher, the Defendant's attorney in this matter. Defendant has also submitted evidence to show that other attorneys on Guam, with differing level of experience and hourly rate than Defendant's attorney, would charge a client $275.00 per hour to $350.00 per hour for this type of case. (Decl. Rawleen Mantanona, 2, Dec. 20, 2013); (Decl. David J. Lujan, 2, Dec. 20, 2013). Taking into account the considerations discussed in the section above, the Court finds that Defendant is entitled to attorney's fee for 95 hours, at the rate of $200.00 per hour, which equals $19,000.00. In addition, Defendant is entitled to $671.00 in costs.

**4. Sanctions**

Neither the California anti-SLAPP statute nor the Illinois Citizen Participation Act employs the term "sanctions." *See* CAL.CIV PRO.CODE 425.16 (West 2011); 735 ILL.COMP.STAT.ANN. 110/25 (West 2007). This absence of additional sanctions implies the California and Illinois legislatures intended the award of attorney's fees and costs to be a sufficient punitive and deterrent measure. However, Guam's anti-SLAPP statute differs from those of California and Illinois in this respect. In Guam's CPGA, "the court shall award a

moving party who is dismissed, without regards to any limit under Guam law: … (2) such additional sanctions upon the responding party, its attorneys or law firms as it determines will be sufficient to deter repetition of such conduct and comparable conduct by others similarly situated." 7 GCA § 17106(g)(2).

The facts of this case fall precisely within the ambit of the CPGA. In the instant case Plaintiffs filed a complaint against Defendant in part because Defendant sent letters to government agencies and spoke to the press because he opposed Plaintiffs' proposed bar in a residential neighborhood. In enacting the CPGA, the Legislature declared that it recognized citizens' rights to petition their government as an inalienable right; that it sought to secure that right to petition the government for redress of grievances; and that it affirmed that claims, opinions and information provided by citizens to their governments are essential to public health. 7 GCA § 17102(a)(1) & (2). Such was the case here, where Defendant sent letters to government agencies and spoke to the press regarding Plaintiffs' proposed bar, and where that complaint, its contents and its subject come under the purview of the CPGA pursuant to 10 GCA §§ 12417 through 12471, inclusive. Further, the Legislature found civil lawsuits are filed against citizens based on their valid exercise of their right to seek relief, to influence action and to inform a government body. 7 GCA § 17102(a)(3). This equally applies to the instant case, where Plaintiffs filed an action against Defendant based, in part, Defendant's letters to government agencies and Defendant's communications with the press.

The Legislature acknowledged that "while some citizen communications to government inevitably will be incorrect, unsound, self-interested or not in good faith, it is essential … [for] citizens to participate fully in the process of government". 7 GCA § 17102(a)(9). To these ends, the Legislature held the purposes of the CPGA include "the protection and regulation of public health, safety and welfare by protecting public participation in government programs, public policy decisions and other actions". 7 GCA § 17102(b)(3). The Government of Guam has an expressed, legitimate interest in protecting the public's ability to communicate with its own agencies.

The Court previously found Defendant's acts of sending letters to government agencies and speaking to the press could reasonably be concluded as proper petitioning activity when Plaintiffs failed to carry their burden to show that the activities were not petitioning activity, and that Plaintiffs' lawsuit was filed, in part, as a response to those activities falls squarely under the definition of a SLAPP lawsuit. *See* 7 GCA § 17102(a)(3), (6) & (7). Given the aforementioned legislative intent of the CPGA and the facts before the Court, the Court finds it necessary in the context of the present case to sanction Plaintiffs to deter repetition of his conduct and comparable conduct by others similarly situated. Thus the Court hereby imposes a sanction upon Plaintiffs pursuant to 7 GCA § 17106(g)(2) in the amount of Five Thousand Dollars ($5,000.00). The Court finds this amount to be appropriate and necessary to prevent probable recidivism and deter others similarly situated.

**5. Compensatory Damages**

Under Guam law, a person damaged or injured by reason of a claim filed in violation of their immunity under the CPGA may seek relief in the form of a claim for compensatory damages from the person or persons responsible. 7 GCA §17106(h). However, the award of compensatory damages to a person damaged or injured by reason of a claim filed in violation of their immunity under the CPGA is discretionary. *Id.* The Court, in its discretion, finds that compensatory damages are not appropriate in this case in light of the sanction on Plaintiffs.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant is entitled to an attorney's fees and costs award of Nineteen Thousand Six Hundred Seventy One Dollars ($19,671.00) pursuant to 7 GCA §17106(g)(1). Further, the Court imposes a sanction upon Plaintiff pursuant to 7 GCA §17106(g)(2) in the amount of Five Thousand Dollars ($5,000.00). Both these amounts totaling Twenty-Four Thousand Six Hundred Seventy-One Dollars ($24,671.00) shall be immediately due and owing to Defendant by Plaintiffs.

**SO ORDERED** this _____ day of **May, 2014.**

_____

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**